UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACHARIE BAUER,

            Petitioner,

                              Case No. 20-cv-0642-bhl

   v.

TIM THOMAS,

            Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS §2254 HABEAS PETITION

      On April 23, 2020, Petitioner Zacharie Bauer, a state prisoner incarcerated at New Lisbon Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254 asserting nine grounds for relief. (ECF No. 1.) Shortly thereafter, Bauer moved to stay his petition to allow him time to exhaust several of his claims in state court. (ECF No. 6.) The case was subject to a judicial reassignment, and, on July 20, 2021, the Court granted Bauer's request and, over the following months and years, ordered Bauer to file a series of status reports updating the Court on his exhaustion efforts. (ECF Nos. 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35.) Finally, on September 30, 2024, Bauer reported that his exhaustion was complete. (ECF No. 36.) The Court then proceeded to screen Bauer's petition and directed Respondent to answer eight grounds for relief, including seven claims for ineffective assistance of trial counsel and one claim for prosecutorial misconduct. (ECF No. 37.) Respondent has instead moved to dismiss the petition, arguing that Bauer has procedurally defaulted on all his claims. (ECF No. 42.) Because the Court agrees that any habeas review is barred by the state court's rejection of Bauer's claims on adequate and independent state law grounds, the motion will be granted and Bauer's petition dismissed with prejudice.

## BACKGROUND

      Bauer was charged with repeated sexual assault of a child based on accusations made by the seven-year-old daughter of his ex-girlfriend. (ECF No. 1-1 at 12.) At trial, Bauer's defense

was that the victim's mother coerced her daughter to falsely accuse Bauer to "make [Bauer] pay" for the way he treated the mother. (*Id.*) On August 30, 2016, a jury convicted Bauer, and the circuit court sentenced him to 30 years of incarceration and 15 years of extended supervision. (ECF No. 43-1 at 1.) After sentencing, Bauer's postconviction counsel filed a motion for postconviction relief, arguing that Bauer's trial counsel was ineffective for failing to proffer expert testimony casting doubt on the victim's allegations and that a psychologist's expert report was newly discovered evidence warranting a new trial. (ECF No. 1-1 at 12.) The circuit court denied Bauer's motion without an evidentiary hearing, and the Wisconsin Court of Appeals affirmed that an evidentiary hearing was unnecessary. (*Id.* at 13, 20.) On May 14, 2019, the Wisconsin Supreme Court denied Bauer's petition for review. (*Id.* at 10.)

In May 2022, Bauer filed a *pro se* Wis. Stat. §974.06 motion, arguing that his postconviction counsel was ineffective in failing to raise several of trial counsel's errors and in failing to argue prosecutorial misconduct. (ECF No. 43-4 ¶¶6–7.) The circuit court denied the motion without an evidentiary hearing, and, on May 23, 2024, the Wisconsin Court of Appeals affirmed. (*Id.* ¶¶1, 38.) The Wisconsin Supreme Court denied Bauer's subsequent petition for review. *State v. Bauer*, 15 N.W.3d 31 (Wis. 2024) (unpublished table decision).

## ANALYSIS

After screening and based on his petition, Bauer is proceeding on seven claims for ineffective assistance of trial counsel and one claim for prosecutorial misconduct. (*See* ECF No. 37 at 2–3.) Respondent contends that all of Bauer's claims are procedurally defaulted because the Wisconsin Court of Appeals denied them on adequate and independent state law grounds. (ECF No. 43 at 4–18.) As discussed below, the Court agrees.

Procedural default precludes a federal court from considering the merits of a petitioner's habeas claims. The doctrine applies when the petitioner's claim "was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). It also applies when the claim was not presented to the state courts, so long as the record is clear that the state courts "would now hold the claim procedurally barred." *Id*. A state court's ruling is "adequate" if it is "firmly established and regularly followed as of the time when the procedural default occurred." *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021). The state ruling is "independent" within the meaning of the doctrine if it "does not depend on the merits of the petitioner's claim." *Id*. The

state court must also "clearly and expressly" rely on the state law ground in reaching its decision. *Coleman v. Thompson*, 501 U.S. 722, 734 (1991) (quoting *Harris v. Reed*, 489 U.S. 255, 266 (1989)).

I. **Bauer's First Ineffective Assistance of Counsel Claim Depends on State Law Evidentiary Rulings and Is Not Cognizable On Federal Habeas Review.**

Bauer's first claim is that his trial counsel was ineffective in failing to use expert testimony to cast doubt on his victim's allegations. (ECF No. 1 at 7–8.) Respondent argues that the Wisconsin Court of Appeals held the expert testimony inadmissible under Wisconsin law, making the ruling nonreviewable by this Court. (ECF No. 43 at 4–7.) The admissibility of evidence is a matter of state law and is generally not reviewable by federal courts. *See Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994). In its opinion, the Wisconsin Court of Appeals relied upon Wisconsin evidence law to reject Bauer's claim, explaining that the proffered expert testimony was inadmissible. (ECF No. 1-1 at 15–19.) Based on the Court of Appeals' holding, the issue is not reviewable on habeas. Bauer tries to avoid this result by arguing that the state court unreasonably applied its laws of evidence and that he has a right to a fundamentally fair trial. (ECF No. 46 at 2–7.) Neither argument allows this Court to review his claim.

Bauer's argument that the Wisconsin courts unreasonably applied Wisconsin law is a dead end in terms of habeas review. It is well-established that this Court cannot instruct Wisconsin courts on how they should interpret Wisconsin law. *See George v. Smith*, 586 F.3d 479, 484 (7th Cir. 2009) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)) ("We are . . . not going to displace Wisconsin's interpretation of its own law with our own . . . ."). Bauer is correct that a federal court may grant habeas relief based on a state court evidentiary ruling when the ruling violates a defendant's due process rights by depriving him of a fundamentally fair trial. *Milone*, 22 F.3d at 702. But Bauer did not present a due process claim in any of his state court proceedings, and he cannot now switch his theory in federal court. *See Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009).

Bauer's claim also fails because the Wisconsin Court of Appeals denied Bauer's postconviction motion and denied him an evidentiary hearing on his claims under *State v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004). Under state law, a Wisconsin court may not grant relief on an ineffective assistance of counsel claim without holding a hearing—known as a *Machner* hearing—at which trial counsel testifies. *See State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App.

1979). But a defendant is only entitled to a *Machner* hearing if he "provide[s] sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 446. This requirement is commonly known as the *Allen* rule. Here, the Wisconsin Court of Appeals clearly and expressly relied on the *Allen* rule in examining and rejecting Bauer's ineffective assistance of counsel claim, concluding that Bauer's motion did not allege sufficient facts to support his claim and that a *Machner* hearing was therefore unnecessary. (ECF No. 1-1 at 13–14, 19.)

The Seventh Circuit has confirmed that a state court ruling relying upon *Allen* is an adequate and independent state law ground for the purposes of procedural default in federal habeas corpus proceedings. *Lee v. Foster*, 750 F.3d 687, 693–94 (7th Cir. 2014). Accordingly, Bauer is barred from raising an ineffective assistance of trial counsel claim in this Court. *See id.*

## II. The Remainder of the Petition Is Procedurally Defaulted.

Bauer's remaining claims are also barred by procedural default. Bauer seeks to pursue six additional claims for ineffective assistance of trial counsel and one claim based on alleged prosecutorial misconduct. (ECF No. 1 at 8–9; ECF No. 1-1 at 5–7.) The record confirms that, even with the stay, Bauer never presented these claims to the state court. Instead, his state-court efforts during the stay involved just one claim—for ineffective assistance of his *postconviction* counsel. (ECF No. 43-4 ¶¶6–7.) Bauer argued that "postconviction counsel performed deficiently by arguing only a single claim of trial counsel error" instead of "cumulative error," and that postconviction counsel "should have argued the cumulative effect of acts of prosecutorial misconduct." (*Id.*) That is a different claim than those claims presented in Bauer's habeas petition. (*See* ECF No. 1 at 8–9; *see also* ECF No. 1-1 at 5–7.) And, as previously discussed, a habeas petitioner cannot argue different theories in federal court than he argued in the state court. *Johnson*, 574 F.3d at 432.

Even if Bauer were asserting a claim for ineffective assistance of his postconviction counsel, that claim is also procedurally defaulted under *Allen*. The Wisconsin Court of Appeals clearly and expressly relied on the *Allen* rule when it denied Bauer's claim for ineffective assistance of postconviction counsel. (ECF No. 43-4 ¶¶9, 38 (citing *Allen*, 682 N.W.2d at 437).) It determined that Bauer did not allege sufficient facts to require a *Machner* hearing. (*Id.* ¶¶14, 17, 20, 24, 26, 28, 32, 35, 38 ("Bauer's postconviction motion presents only conclusory or unsupported allegations, without sufficient facts . . . Bauer has not shown that his postconviction

counsel was ineffective for failing to raise [additional] claims in Bauer's direct postconviction motion.").) That holding bars this Court from considering that claim. *See Lee*, 750 F.3d at 693–94.

Bauer again argues that the Wisconsin Court of Appeals did not reasonably apply the law because he provided material facts that were rejected or ignored. (ECF No. 46 at 10–28.) But, as previously explained, it is not for this Court to tell Wisconsin how to apply its own law. *See George*, 586 F.3d at 484. Accordingly, Bauer's claims are barred by the doctrine of procedural default.

### III. Bauer Has Not Demonstrated Cause or Prejudice to Overcome Procedural Default.

While Bauer's claims are procedurally defaulted, that is not necessarily fatal to his petition. A habeas petitioner can overcome procedural default by showing cause for and prejudice from the default, or that failing to consider his claims on the merits would result in a fundamental "miscarriage of justice." *Perruquet*, 390 F.3d at 514–15 (citations omitted). Bauer argues that applying the doctrine to bar his claims here would result in a fundamental miscarriage of justice. (ECF No. 46 at 30.)

To satisfy that exception, a petitioner must "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)). Bauer does not carry this high burden. Instead, he simply rehashes his prior argument that he sufficiently presented the material facts as required by *Allen* and that the state court misapplied Wisconsin evidence law. (ECF No. 46 at 29–30.) He also repeats his argument that prosecutorial misconduct deprived him of his due process rights. (*Id.*) Bauer does not even attempt to argue that no reasonable juror would have found him guilty but for the errors of the state court. Accordingly, Bauer has not established that dismissal for procedural default would result in a fundamental miscarriage of justice. Respondent's motion to dismiss will, therefore, be granted.

### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could

debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 42, is **GRANTED**. The petition is **DISMISSED with prejudice**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on July 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge